E-FILED
Thursday, 28 March, 2013 07:44:42 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BETH A. STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-4054-SLD-JAG |
| | ) | |
| JOHN DEERE SEEDING GROUP, a subsidiary of DEERE & COMPANY a/k/a JOHN DEERE COMPANY, and JIM GUNNISON, | ) ) ) ) | |
| Defendants. | | |

## ORDER

Plaintiff Beth Stokes alleges that Defendant Jim Gunnison, now retired, assaulted, battered, and sexually harassed her while the pair worked at John Deere Seeding Group.[1] Gunnison moved to dismiss [#12] Stokes's Title VII sexual harassment claim, arguing that no liability exists for non-employers, and certain instances of assault and battery, arguing they are time-barred. Thereafter, Stokes filed a motion for leave to file an amended complaint that includes additional allegations and an irrelevant new cause of action (irrelevant because it is not asserted against Gunnison). (ECF No. 27.) Gunnison revived his Motion to Dismiss pursuant to Local Rule 7.1(E) by joining in Deere's opposition to Stokes's Motion for Leave. (*See* ECF No. 29 at 1; ECF No. 30.) The Court allowed Stokes to amender her complaint and as such, this Order analyzes [#12] Gunnison's revived Motion to Dismiss as applied to [#33] Stokes's Amended Complaint.

---

[1] Stokes sued John Deere as well. Deere separately moved to dismiss various claims against it, which will be addressed in a separate order.

As set forth below, the Court agrees that certain allegations of assault and battery are time-barred. The Court further agrees that Stokes cannot proceed against Gunnison for sexual harassment under Title VII.

## BACKGROUND

Stokes alleges the following twelve instances of misconduct:

The Slander Incident: Between September 1, 2008, and March 1, 2009, Gunnison gave false and negative reports to co-workers and supervisors about Stokes's work performance. (Amend. Compl. at ¶ 23, ECF No. 33.)

The Throwing Keys Incident: Around February 1, 2009, Gunnison threw a set of keys at Stokes, which struck her chest and caused her pain. (*Id.* at ¶ 24.)

The Spitting and Cursing Incident: Around March 13, 2009, in response to a work-related question, Gunnison screamed at Stokes in close proximity to her face, spit on her, and yelled "You are going to pay for this!" (*Id.* at ¶ 25.)

The Picture Incident: On April 6, 2009, after returning to work from a suspension (allegedly received for reporting Gunnison's harassment), Stokes found twenty-five pictures of Gunnison wallpapered over her workspace. (*Id.* at ¶ 26.)

The Blocking Incidents: On multiple occasions during November 2009, Gunnison blocked the exit door—which Stokes frequently needed to use to do her job. (*Id.* at ¶ 28.)

The Planter Incident: On December 14, 2010, Gunnison violated Deere safety standards by purposely operating a planter while Stokes was inside the "arms" without telling Stokes or honking the horn. (*Id.* at ¶ 29-30.)

The Right Heel Incident: On January 6, 2011, Gunnison rode over Stokes's heel with his bicycle, causing her great pain. (*Id.* at ¶ 31.)

The Desk Incident: On February 15, 2011, Gunnison rifled through Stokes's personal items in her desk.  (*Id.* at ¶ 32.)

The Name Calling Incident: On February 15, 2011, Gunnison placed a box into Stokes's path as she was operating a planter.  Stokes backed into the box and Gunnison told fellow employees that Stokes was stupid.  (*Id.* at ¶ 33.)

The Lockout Incident: On February 28, 2011, Gunnison locked Stokes out of the building when it was cold and icy outside.  (*Id.* at ¶ 35.)

The Near Miss Incident: On March 15, 2011, Gunnison intentionally swerved a "tugger" he was driving at Stokes, nearly hitting her.  (*Id.* at ¶ 38.)

The Bicycle Incident: On April 8, 2011, Gunnison tried to hit Stokes while riding his bicycle, nearly missing her.  (*Id.* at ¶ 47.)

## DISCUSSION

### I. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) does not resolve the merits of a particular claim, but rather tests only the sufficiency of the allegations set forth in the complaint.  To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The factual allegations in a complaint are accepted as true, but must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).  In

3

sum, the plaintiff's allegations must demonstrate that the claim "is plausible, rather than merely speculative." *Tomayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). In doing so, the facts set forth in the complaint are viewed "in the light most favorable to the nonmoving party." *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995). Facts in the complaint that disprove the asserted claim should be considered, and the court need not accept unsupported conclusions of law. *Northern Ind. Gun & Outdoor Shows v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (citing *Twombly*, 550 U.S. 544 (2007)) (conclusory allegations are "not entitled to be assumed true").

## II. Analysis
### A. Assault and Battery Claims

Stokes alleges that every incident described above constitutes civil assault. Stokes alleges that the Throwing Keys, Spitting and Cursing, and Right Heel Incidents constitute civil battery. Gunnison argues that some of Stokes's assault and battery claims are barred by the statute of limitations. While a plaintiff is not required to plead facts to anticipate and defeat an affirmative defense, like the statute of limitations, "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Independent Trust v. Stewart Info. Services*, 665 F.3d 930 (7th Cir. 2012). And in this case, Stokes has pled herself out of court. *See, e.g., Tamayo v. Blagojevich*, 526 F. 3d 1074, 1086 (7th

4

Cir. 2008) ("Our case law recognizes that a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.").

Under Illinois law, civil assault and civil battery claims must be brought within two years of the alleged incident. 735 ILCS 5/13-202. Stokes filed this action on June 14, 2012, making the critical date June 14, 2010. Gunnison thus argues that the Slander, Throwing Keys, Spitting and Cursing, Picture, and Blocking Incidents are time-barred because they all are alleged to have occurred before June 14, 2010. In response, Stokes argues that the assault and battery claims were one continuing tort.

Assault and battery torts are, by their nature, not continuing torts. *See, e.g., Thong v. Andre Chreky Salon*, 634 F. Supp. 2d 40, 43 (D.D.C. 2009). This is especially true here, where Stokes labeled each event as a separate incident and the 12 relevant incidents span two years in time. Stokes does not cite relevant case law demonstrating otherwise. Accordingly, Stokes is barred from pursuing civil assault or civil battery against Gunnison for the alleged Slander, Throwing Keys, Spitting and Cursing, Picture, and Blocking Incidents.

### B. Sexual Harassment

Gunnison argues that he, as an employee, cannot be liable under Title VII for sexual harassment. *See* 42 U.S.C. § 2000e-2(a). Stokes does not disagree; she only notes that sexual harassment against an employee is a viable theory under the Illinois Human Rights Act ("IHRA"). *See* 735 ILCS 5/2-102(D). Gunnison only moved to dismiss the Title VII claim, so his motion will be granted. Accordingly, Gunnison's motion to dismiss the Title VII sexual harassment cause of action is granted, but the IHRA sexual harassment claim remains.

### CONCLUSION

Gunnison's Motion to Dismiss [#12] is GRANTED. Stokes is barred from pursuing civil assault or civil battery against Gunnison for the alleged Slander, Throwing Keys, Spitting and

Cursing, Picture, and Blocking Incidents.  Further, Stokes's Title VII sexual harassment cause of action against Gunnison in Count V is dismissed, but the IHRA sexual harassment cause of action against Gunnison in Count V remains.

Entered this 28th day of March, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE